Topoli v 77 Bleecker St. Corp. (2019 NY Slip Op 07537)





Topoli v 77 Bleecker St. Corp.


2019 NY Slip Op 07537


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10153 150062/16

[*1] Martin Topoli, et al., Plaintiffs-Respondents,
v
77 Bleecker Street Corp., Defendant-Respondent-Appellant, Greenlight Construction Management Corp., Defendant-Appellant-Respondent.
77 Bleecker Street Corp., Third-Party Plaintiff-Respondent-Appellant,
v
Rebecca Dixon, et al., Third-Party Defendants-Respondents.


Carol R. Finocchio, New York (Marie R. Hodukavich of counsel), for appellant-respondent.
Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for respondent-appellant.
Lurie, Ilchert, MacDonnell & Ryan, LLP, New York (George W. Ilchert of counsel), for Martin Topoli and Dagmara Topoli, respondents.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains (Elizabeth M. Hecht of counsel), for Rebecca Dixon and Adam Dixon, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 29, 2019, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motions for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Because plaintiff Martin Topoli's work installing window shades at the time of the accident does not constitute "altering" within the meaning of Labor Law § 240(1), that claim is dismissed (Amendola v Rheedlen 125th St., LLC, 105 AD3d 426, 426-427 [1st Dept 2013]).
The Labor Law § 241(6) claim is also dismissed, since plaintiff's work is separate and distinct from the larger construction project (id. at 427). Third-party defendants and apartment owners, Rebecca Dixon and Adam Dixon, modified the contract with general contractor Greenlight Construction Management Corp. to remove the provision and installation of window treatments from the scope of its work. The Dixons directly contracted with plaintiff's employer for the installation of the window shades after the construction work was completed and they had moved in to the apartment. Greenlight's return to the work site after the completion of construction, done to accommodate the Dixons' new desire for larger window valances, was limited in nature and separate from plaintiff's work.
The claims for violation of Labor Law § 200 and common-law negligence are dismissed. Plaintiff failed to establish, prima facie negligence on the part of Greenlight or the co-op, 77 Bleecker Street Corp.
Since the underlying claims against the co-op are dismissed, we need not address its alternative argument concerning its contractual indemnification claim asserted against the Dixons.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK